UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO R.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. C18-1232 RSM

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by relying on a nonexamining medical expert's testimony to assess his residual functional capacity. Dkt. 14. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 54 years old, has a limited education, and has worked as a press operator, warehouse worker, furniture assembler, and assembler. Dkt. 9, Administrative Record (AR) 52-53, 25-26. Plaintiff applied for benefits in March 2014, alleging disability as of September 28, 2013. AR 188. Plaintiff's applications were denied initially and on

reconsideration. AR 186, 187, 212, 213. After the ALJ conducted a hearing in February 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 33, 13-26.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the September 2013 alleged onset date.

**Step two:** Plaintiff has the following severe impairment: lumbar spine condition.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform medium work. He can carry 50 pounds occasionally, 20 pounds frequently, and 10 pounds continuously. He can sit, stand, and walk for two hours at a time and eight hours total per day. He can frequently climb and stoop, occasionally crawl, and continuously balance, kneel, and crouch. He must avoid concentrated exposure to hazards.

**Step four:** Plaintiff can perform all past relevant work and is thus not disabled.

**Step five:** The ALJ did not reach step five.

AR 16-26. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.[3]

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

Nonexamining orthopedic surgeon John F. Kwock, M.D., reviewed the entire medical file associated with Plaintiff's disability applications and testified at the February 2017 hearing that Plaintiff was capable of medium work. AR 38-39. Plaintiff contends the ALJ erred by relying on Dr. Kwock's opinion and, because the ALJ discounted all other medical opinions, Plaintiff argues the ALJ had no medical basis for determining Plaintiff's RFC. Dkt. 14. Plaintiff does not challenge the ALJ's rejection of other medical opinions.

To begin with, an ALJ is not required to provide reasons in support of *accepting* a medical opinion. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions"). Here, the ALJ did provide reasons, giving Dr. Kwock's opinions "great weight" because his opinions were consistent with the longitudinal treatment record, he was the only medical expert to review the entire record, he supported his opinions with reference to imaging and other clinical

observations, and his specialty of orthopedics was most relevant to Plaintiff's lumbar spine impairment. AR 23. Plaintiff disputes the findings that Dr. Kwock's opinions were supported by the record. "The weight afforded a non-examining physician's testimony depends on the degree to which he provides supporting explanations for his opinions." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal alterations omitted).

Plaintiff argues that Dr. Kwock stated that he "does not trust physical exams or radiologic studies" and thus has no medical evidence on which to base his opinions. Dkt. 14 at 5. This mischaracterizes Dr. Kwock's testimony. He stated that radiological (imaging) studies are of "good reliability" while physical examinations are only of "moderate reliability." AR 44. However, imaging cannot directly show function. AR 44. Nevertheless, "the crux of the matter is, [for] these types of radiological findings, what would you typically expect, say, a typical patient would examine like?" AR 46. In other words, by looking at Plaintiff's imaging studies and knowing the functional capacity of people with similar imaging results, Dr. Kwock can infer Plaintiff's functional capacity. Dr. Kwock expressly referenced "three MRIs and two X-rays" of the lumbar spine on which he relied. AR 40-41. While he acknowledged that the imaging showed "mild and low-grade" degenerative changes, he stated that the findings probably would be similar for most people in their 50s and were "not extraordinary type changes for somebody that is in their 50s." AR 41-42. Dr. Kwock also referenced five physical examinations that he "thought were sufficiently complete and focused to utilize for the purpose of a neurological assessment." AR 43. He concluded that in all five, "there were no findings that would be consistent with" more severe limitations than he opined. AR 43-44.

Plaintiff reviews the physical examinations and argues that they do not support Dr. Kwock's assessment that Plaintiff could perform medium work. Dkt. 14 at 5-7. Plaintiff's

argument misses the point.  Dr. Kwock did not rely on the physical examinations; he found imaging studies more probative.  And while there are physical findings that support Plaintiff's claims, nothing that Plaintiff points to in the physical examinations actually contradicts Dr. Kwock's opinions.  It is the ALJ's role to weigh the evidence, and this Court will not substitute its judgment for the ALJ's.  *See Thomas*, 278 F.3d at 954; *Burch*, 400 F.3d at 680-81 (ALJ's interpretation of the evidence must be upheld if rational).

Plaintiff next argues that the record contains "positive exam findings" but does not explain what is positive or how it would undermine Dr. Kwock's opinions.  Dkt. 14 at 7.  The Court will not, and indeed cannot, address such a skimpy argument.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with specificity in briefing).

Finally, Plaintiff argues that "[t]he basis for a medium level RFC is far too tenuous" and thus the case must be remanded for further proceedings and additional evidence.  Dkt. 14 at 8-9.  This turns the evidentiary burden in the statutory scheme on its head.  A claimant bears the burden to provide proof that she is disabled.  20 C.F.R. §§ 404.1512(a), 416.912(a); *see also Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").  Here, Dr. Kwock reviewed the entire medical record, including multiple imaging studies, and found it did not support greater limitations than to medium work.  In addition, the ALJ identified consistently normal clinical findings.  "Providers found [Plaintiff] had normal gait and posture and negative straight leg raise tests.  Providers noted few, if any, range of motion limitations, and indicated no neurological deficits, loss of sensation or reflexes, or muscle weakness or atrophy."  AR 23 (internal citations

omitted). Substantial evidence supports the ALJ's findings. *See*, *e.g.*, AR 604 (normal neurological findings of gait, reflexes, sensation, and strength), 625 (intact motor and sensation in arms and legs), 820 (full leg range of motion). Plaintiff argues that the ALJ cannot interpret medical records.[4] Dkt. 16 at 2. An ALJ is not qualified to interpret "'raw medical data in functional terms.'" *Vaughn v. Berryhill*, 242 F. Supp. 3d 998, 1008-09 (E.D. Cal. 2017) (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999)). But an ALJ is permitted, indeed, affirmatively obligated, to review the medical evidence in order to adjudicate disability claims. *See* 20 C.F.R. §§ 404.1520(a)(3) (ALJ "will consider all evidence in your case record"), 404.1513(a) (evidence includes objective medical evidence, medical opinions, and other medical evidence); §§ 416.920(a)(3), 416.913(a) (same). Here, the ALJ did not interpret raw medical data; rather, she noted the providers' interpretation of the data as normal. This is well within an ALJ's province. The predominantly normal clinical findings indicate that Plaintiff has not met his burden to show he is disabled. On this record, the Court concludes the ALJ did not err by accepting Dr. Kwock's opinions and basing the RFC determination on them.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 2 day of April 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The case Plaintiff cites for this proposition is not on point, as the ALJ there improperly filled in gaps in the medical evidence. *See Cortez v. Colvin*, 1:15-cv-102, 2016 WL 3541450 at *5-6 (E.D. Cal. June 24, 2016) ("there is an absence in the record" concerning how medication affected claimant's mental impairments).